```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN R. DURSO, et al.,
                              Plaintiffs,
                                                                    ORDER
           - against -
                                                                    CV 06-0051 (FB) (JO)
EAST TREMONT FOOD CORP.,
                              Defendant.
------------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

In their capacities as trustees and fiduciaries of the Local 338, RWDSU, Retirement and Health & Welfare Funds (the "Funds"), plaintiffs Sidney Blumgold, John Catsimatides, John DeMartino, John R. Durso, Jon Greenfield, Sidney Katz, Jeff Laub, Ernesto Mattace, Jr., Michael Most, and Samuel Peltz (the "Trustees") commenced this action on January 4, 2006, against defendant East Tremont Food Corp. ("East Tremont") seeking certain relief associated with East Tremont's failure to make required timely contributions to the Funds. Docket Entry ("DE") 1 ("Complaint"). East Tremont never filed a response, and on May 5, 2006, the Trustees moved for default judgment, asking for delinquent contributions, liquidated damages, interest on delinquent contributions, and litigation costs including reasonable attorneys' fees. DE 5. The Honorable Frederic Block, United States District Judge, entered default judgment against East Tremont and referred the matter to me for a report and recommendation on damages and costs. DE 8 (Memorandum and Order granting default judgment dated August 9, 2006); DE 9 (Referral Order). I now make my report and for the reasons set forth below, respectfully recommend that the court decline to award the Trustees damages on the ground that they have failed to establish any amount due to them; as a result, I further respectfully recommend that the court vacate its earlier default judgment and instead dismiss the case with prejudice.

I.  Background

On October 6, 2002, East Tremont entered into a collective bargaining agreement with the Funds. DE 5 Ex. D (the "CBA"). Under the CBA, East Tremont is obliged to make contributions to each of the Funds for each employee covered by the CBA in specified amounts each month. CBA Art. XV(A)-(C). East Tremont further agreed that if it failed to make contributions according to the agreed-upon schedule, it would be liable for certain additional amounts: interest on unpaid contributions, attorneys' fees, the greater of interest charged on the unpaid contributions or liquidated damages in the form of twenty percent of unpaid contributions, and any statutorily permissible costs. DE 5 Ex. B at 18-19 (Retirement Trust Fund Agreement ); *id.* Ex. C (Health & Welfare Fund Agreement).

The Trustees filed the instant action on January 4, 2006, alleging that East Tremont had violated both the CBA and the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq* ("ERISA"), by failing to make contributions for eligible hours worked in June and September of 2003, and by refusing to pay interest on prior late payments. Complaint ¶¶ 18-20. As relief for that violation, the Trustees sought contributions in the amount of $7,327.00, interest in the amount of $2,482.72,[1] and additional interest in the amount of $2,482.72. Complaint at 7-8; DE 5 (Declaration of the plaintiffs' attorney ("Attorney Dec.")) ¶ 19. East Tremont was served on February 7, 2006, DE 2, but neither responded to the complaint nor filed a notice of appearance. At the Trustee's request, DE 5, the Clerk of this court entered a notation of default

---

[1] There is a discrepancy of $235.25 between the amount of interest requested in the complaint and the declaration in support of the Trustees' motion for default judgment. *Compare* Complaint ¶ 18 (requesting interest due through November 30, 2005 in the amount of $2,717.97), *with* Attorney Dec. ¶ 19 (requesting interest due through November 30, 2005 in the amount of $2,482.72). As explained below, the discrepancy is immaterial to the outcome I recommend.

on July 27, 2006. DE 7. On August 9, 2006 Judge Block entered a default judgment and referred the matter to me for a recommendation as to damages. DE 8.

I thereupon set a deadline by which the Trustees were required to submit any evidence they wished to have me consider in support of their request for damages. Order dated March 5, 2007. That deadline has lapsed without any further evidentiary submission from the Trustees, who I therefore assume are content to rest their request for damages on the evidence submitted with their motion for default judgment on May 5, 2006. DE 5. That evidence includes a declaration and certain exhibits that the declarant asserts supports the Trustees' claim for $7,327.00 in unpaid contributions, interest through November 30, 2005 in the amount of $2,482.72, additional interest in the amount of $2,482.72, pre-judgment interest accruing at the rate of $3.62 for every day from November 30, 2005 until the date judgment is entered, and litigation costs (including reasonable attorneys' fees) in the amount of $5,683.20. Attorney Dec. at 7-8 & Exs. A-J. In sum, the Trustees request a total of $17,975.64, plus pre-judgment interest. Attorney Dec. at 7.

II. Discussion

As explained below, the evidence in the record is insufficient to support the Trustees' assertion about the amount of unpaid contributions for the months of June and September of 2003. Indeed, that evidence supports no specific finding at all as to that element of damages. Further, because all of the remaining components of the Trustees' request for damages depend on the establishment of the amount of unpaid contributions, I must respectfully recommend that the court vacate the default judgment and dismiss the case.

A. Applicable Law

1. Default

Entry of a default judgment constitutes admission of all well-pleaded allegations, except those pertaining to the amount of damages. *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); Fed. R. Civ. P. 8(d). The court must conduct an inquiry sufficient to establish damages to a "reasonable certainty." *Credit Lyonnais*, 183 F.3d at 155 (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). A full evidentiary hearing may not be necessary; detailed affidavits and other documentary evidence can suffice. *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 508 (2d Cir. 1991); *Credit Lyonnais*, 183 F.3d at 155.

The Trustees have submitted a declaration from their attorney, a copy of the CBA, a copy of the Health & Welfare Fund Trust Agreement, copies of the pre- and post-2003 Retirement Trust Fund Agreement, an affidavit from the Controller of Retirement and Health & Welfare Funds, fee invoices, attorneys' fee time sheets, and a copy of two previous judgments granting their firm's attorneys' fees. DE 5. I have invited the Trustees to submit any further evidence supporting their request for damages, and they have provided nothing more. Upon this record, I find no need for an evidentiary hearing. *See Transatlantic Marine Claims Agency*, 109 F.3d at 111; *Action S.A.*, 951 F.2d at 508.

2. ERISA

ERISA is a comprehensive legislative scheme that governs the administration of employee benefit funds in the interest of protecting employees. *Arnold v. Lucks*, 392 F.3d 512, 514 n.1 (2d Cir. 2004). It does not require employers to provide any particular benefits; once an

4

employer elects to do so, however, ERISA regulates the terms of administration. *HMI Mech. Sys., Inc. v. McGowan*, 266 F.3d 142, 148 (2d Cir. 2001). Employers "obligated to make contributions" within the meaning of the statute must do so in accordance with the relevant multi-employer plan or collective bargaining agreement. *See* 29 U.S.C. § 1145; *Cement and Concrete Workers Dist. Council v. Lollo*, 35 F.3d 29, 36 (2d Cir. 1994) (duty to pay benefits must spring from a source other than ERISA) (citing *Mass. Laborers' Health & Welfare Fund v. Starrett Paving Corp.*, 845 F.2d 23, 25 (1st Cir. 1988) (Breyer, J.)). The statute's "overarching" purpose – to protect fund beneficiaries' rights – is equitable, and thus the court's discretion in fashioning relief is considerable. *Arnold*, 392 F.3d at 520 (citing *Katsaros v. Cody*, 744 F.2d 270, 281 (2d Cir. 1984)); *see also* 29 U.S.C. § 1001 (congressional findings that, among other things, safeguards must be provided with respect to establishment, operation, and administration of employee benefit plans to protect the interests of employees and their beneficiaries).

When a fiduciary brings suit to enforce the provisions of the plan, such fiduciary "shall" recover damages as follows: (1) the unpaid contributions; (2) interest on the unpaid contributions; (3) an amount equal to the greater of the interest or liquidated damages up to 20 percent of the unpaid contributions; and (4) reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2). I discuss the elements briefly below.

      B.      <u>Unpaid Contributions, Interest, And Liquidated Damages</u>

As a threshold issue, I find that the Trustees have adduced insufficient evidence to prove to a reasonable certainty that East Tremont failed to contribute payments to the Retirement and Health & Welfare funds for the months of June and September of 2003. The Trustees have established that East Tremont was obliged to make contributions to the Funds by the CBA and

the Trust Agreements, each a non-ERISA source. Complaint ¶ 9; *Cement and Concrete Workers Dist. Council*, 35 F.3d at 36. The Trustees also allege that East Tremont failed to do so for the months of June 2003 and September 2003, and thus became liable for the penalties prescribed by both the statute and the Agreement. Complaint ¶¶ 18-22; 29 U.S.C. § 1132(g)(2).

Having established liability by virtue of East Tremont's default, the Trustees must still establish the *amount* of the unpaid contributions with evidence sufficient to allow a determination with "reasonable certainty." The Trustees sole evidence in that regard is set forth in an affidavit by the Funds' Controller Harold Mittel. *See* Attorney Dec. ¶ 12 (citing DE 5 Ex. E ("Mittel Aff.")). Mittel's affidavit states, in relevant part:

> 6. Defendants are delinquent in payments to the funds, in whole or in part, for the months of June 2003 and September 2003 in the amount of $7,327.00, exclusive of interest, broken down as follows:
>
> | Month | Health & Welfare | Retirement | Total |
> |---|---|---|---|
> | June | $2,549.00 | $1,014.00 | $3,563.00 |
> | September | $2,714.00 | $1,050.00 | $3,764.00 |

Mittel Aff. ¶ 6. Beyond this conclusory allegation, the Trustees present no further evidence of the amount of contributions that East Tremont failed to make. There is no indication of the number of employees covered by the CBA during the stated months,[2] nor any evidence of what, if any, partial payments were made by East Tremont to the Funds. In addition to its lack of specificity as to the bases for the alleged delinquent payments, Mittel's affidavit is of somewhat uncertain provenance, as it is undated and has not been witnessed by a notary public. I conclude

---

[2] The Complaint states that East Tremont employed "at least 19 employees" covered by the CBA in June 2003 and September 2003. Complaint ¶ 11. The Trustees have produced no evidence in support of that claim, and as such, it is an insufficient basis upon which to award fees for unpaid ERISA contributions.

that this evidence does not serve to prove to a reasonable certainty the damages asserted by the Trustees, and I therefore recommend that the court decline to make an award of money for the alleged unpaid contributions.

Because the Trustees cannot establish the amount of unpaid contributions with any reasonable certainty, they are necessarily unable to establish any amount of interest due or liquidated damages. An interest award is calculated on the basis of the amount of unpaid contributions; if there are no unpaid contributions to use as the principal amount in such calculations, there can be no award of interest. The liquidated damages amount is calculated as the greater of the interest award or 20 percent of the unpaid contributions; a formula that again produces a result of zero under the circumstances of this case. Accordingly, I respectfully recommend that the court decline to award the Trustees any interest or liquidated damages. Further, in light of the fact that the Trustees have failed to demonstrate that any award of damages is warranted, I respectfully recommend that the court vacate its previously entered default judgment in their favor and instead dismiss the complaint.

    C.    <u>Attorneys' Fees And Costs</u>

The Trustees seek reimbursement of $4,882.50 in attorneys' fees, $344.70 in court costs and mailing costs, and $456.00 for costs associated with service, and have submitted documentary evidence in support of this application. DE 5, Ex. G, I. For the reasons explained below, I respectfully recommend that the court decline to award any such costs.

ERISA makes the following provision for the award of litigation costs:

> (1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court *in its discretion* may allow a reasonable attorney's fee and costs of action to either party.

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title *in which a judgment in favor of the plan is awarded*, the court *shall* award the plan–
>
>> ....
>>
>> (D) *reasonable attorney's fees and costs of the action, to be paid by the defendant*[.]

29 U.S.C. § 1132(g) (emphasis added); *see also LaBarbera v. Hauserman*, *Inc.*, 369 F.3d 224, 226 (2d Cir. 2004). The statute makes clear that an award of attorneys' fees and costs is discretionary, with the exception of actions brought under section 1145. The latter section provides as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

There are two equally reasonable ways to view the circumstances of this case: it either implicates the mandatory provision of § 1132(g)(2) (due to the fact that the court has already awarded a default judgment in favor of the plaintiffs pursuant to § 1145), or it implicates the discretionary provision of 1132(g)(1) (which applies in all other circumstances). Under either view, the court should decline any award of fees and costs.

Although the Trustees have prevailed in obtaining a default judgment against the East Tremont, they have failed to produce sufficient evidence to justify an award of damages for any unpaid contributions, and as a result I have recommended that the court vacate that judgment. If the court accepts that recommendation, the instant action will no longer fall into the category of cases brought "to enforce section 1145 ... in which a judgment in favor of the plan is awarded."

29 U.S.C. § 1132(g)(2). In such circumstances, the Trustees' request for costs and fees would be governed by the discretionary standard of section 1132(g)(1). *See, e.g.*, *N.Y. Teamsters Conf. Pension Fund v. Boening Bros., Inc.*, 92 F.3d 127, 135 (2d Cir. 1996).

If the court views the application as a matter committed to its discretion, it should consider several factors:

> (1) the degree of the offending party's culpability or bad faith, (2) the ability of the offending party to satisfy an award of attorney's fees, (3) whether an award of fees would deter other persons from acting similarly under like circumstances, (4) the relative merits of the parties' positions, and (5) whether the action conferred a common benefit on a group of pension plan participants.

*Miller v. United Welfare Fund*, 72 F.3d 1066, 1074 (2d Cir. 1995) (quoting *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987)).

The Trustees have failed to allege or to produce evidence in support of a claim that East Tremont has acted culpably or in bad faith, which weighs against an award of fees under the first of the *Miller* factors. The Trustees have alleged that East Tremont is a business that employed a number of workers from at least 2002-2006, however, there is no evidence as to East Tremont's financial status or its ability to satisfy an award of attorneys' fees. The second factor therefore also weighs against an award of fees to the Trustees. As to the third factor, I do not believe that awarding attorneys' fees – without a corresponding grant of damages for unpaid contributions and associated relief – will deter future employers who might fail to contribute to ERISA-related funds. Based on the scant evidence available, I believe that the Trustees' position might have significantly more merit than East Tremont's; however, without any evidence of unpaid contributions this fourth factor cannot weigh heavily in the Trustees' favor. Finally, if the court agrees that the Trustees are entitled to no damages, this action will have failed to a confer a

9

common benefit on a group of pension plan participants. Thus the fifth *Miller* factor weighs heavily against awarding the Trustees attorneys' fees. Weighing all of these factors together, I recommend that the court exercise its broad discretion to decline to award the Trustees' counsel any fees or costs.

Even if the court analyzes the matter under the mandatory provision of Section 1132(g)(2), I recommend the same result. The absence of evidence in the record to support an award of damages in this case can only be due to one of two circumstances: either the Trustees have no such evidence, or they do have such evidence but their counsel failed to bring it to the court's attention despite ample opportunity to do so. If the former is true, the Trustees' attorney should not have filed the complaint in the first place, *see* Fed. R. Civ. P. 11; if the latter is true, the Trustees' failure to secure damages is due to their counsel's inattention.[3] In either circumstance, there is no fee that would be "reasonable" within the meaning of subsection (g)(2).

III.    Recommendation

For the reasons set forth above, I respectfully recommend that the court decline to award any damages or costs to the Trustees, and that it instead vacate its previously-entered default judgment and dismiss the Complaint.

---

[3] Although the court need not resolve the matter, it seems far more likely that there is at least some evidence available to support the Trustees' claims that has not been presented. As noted above, the Trustees alleged in their Complaint that East Tremont employed "at least 19 employees" who were covered by the CBA during the relevant months. Complaint ¶ 11. I assume that the attorney who prepared the complaint consistent with the provisions of Rule 11(b)(3) had some basis for including so specific an allegation – but whatever it was has never been placed in the record.

IV. <u>Objections</u>

The Trustees are directed to serve a copy of this Report and Recommendation on East Tremont by certified mail, and to file proof of service with the court no later than April 3, 2007. Any objection to this Report and Recommendation must be filed no later than April 12, 2007. Failure to file objections within this period waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Beverly v. Walker*, 118 F.3d 900 (2d Cir. 1997); *Savoie v. Merchs. Bank*, 84 F.3d 52 (2d Cir. 1996).

**SO ORDERED.**

Dated: Brooklyn, New York
       March 26, 2007

                                                 /s/ James Orenstein
                                                 JAMES ORENSTEIN
                                                 U.S. Magistrate Judge